**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BARRY JOHNSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:08-CV-01710-NAB** |
| | ) | |
| **SCOTT LAWRENCE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on the Petition for Writ of Habeas Corpus filed by Barry Johnson ("Johnson") pursuant to 28 U.S.C. § 2254. [Doc. 1].  Respondent filed  a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. [Doc. 9].  Johnson filed a traverse. [Doc. 13].  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 17].

**I.**
**BACKGROUND**

A grand jury indicted Johnson on one count of domestic assault in the first degree (Count I) and one count of armed criminal action (Count II) for the shooting of Glorastine Wilder ("Wilder"), a woman with whom Johnson had a romantic relationship. Res. Ex. C at 10-11.  At trial, Wilder testified that she told Johnson that he had to move out of her residence and as she packed his belongings, Johnson pointed a gun at her and shot her.  Res. Ex. H at 193-95. Johnson claimed Wilder pulled the gun on him and that she was shot unintentionally as Johnson attempted to wrestle the gun away from her.  Res. Ex. I at 275-77.  As to Count I, a jury convicted Johnson of the lesser included charge of domestic assault in the second degree.  Res. Ex. C at 92. The jury also  convicted Johnson of armed criminal action in Count II.  *Id.* at 93.  On

direct appeal, the Missouri Court of Appeals affirmed Johnson's convictions.  Res. Ex. D.

Appellant also filed a motion for post-conviction relief, which the motion court denied.  Res. Ex.

G at 52-62.  The Missouri Court of Appeals affirmed the motion court's denial of post-

conviction relief.  Res. Ex. H.

     In his petition for a writ of habeas corpus, Johnson raises four grounds for relief, all of

which were presented to the Missouri Court of Appeals.[1]  First, Johnson claims the trial court

erred in submitting the verdict director for domestic assault in the second degree because the

verdict director lacked the required definition of "recklessly."  Doc. 1 at 6.  Second, Johnson

claims his trial counsel was ineffective for failing to object to the State's closing argument when

the prosecutor made a statement referring to Johnson's "future dangerousness."  Doc. 1 at 7.

Third, Johnson claims his trial counsel was ineffective for failing to object to the verdict director

for domestic assault in the second degree, which did not contain the required definition of

"recklessly."  Doc. 1 at 9.  Fourth, Johnson claims his trial counsel was ineffective for failing to

object to the "State injecting personal knowledge and evidence outside the testimony in the

closing argument."  Doc. 1 at 11.

     Further relevant facts will be set forth in the court's discussion of each ground raised by

Johnson.

## II.
## STANDARD OF REVIEW

     The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254

("AEDPA"), applies to all petitions for habeas relief filed by state prisoners after this statute's

---

[1]Ground 1 raised by Johnson in his petition for a writ of habeas corpus was presented to the
Missouri Court of Appeals in Johnson's direct appeal.  See Res. Ex. D.  Grounds 2, 3, and 4 were
presented to the Missouri Court of Appeals in Johnson's post-conviction relief appeal.  See Res. Ex.
H.

effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings (1) resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §§ 2254(d)(1)-(d)(2) (1996).

In order for a claim to be considered to have been adjudicated on the merits by a state court, "the state court's decision must be a judgment--an adjudication--on a substantive issue--the merits (as compared with a procedural or technical point)." *Brown v. Luebbers*, 371 F.3d 458 (8th Cir. 2004), cert. denied, 543 U.S. 1189 (2005). Beyond these two considerations, "no court has established bright-line rules about how much a state court must say or the language it must use to compel a § 2254 court's conclusion that the state court has adjudicated a claim on the merits." *Id.* at 461. Therefore, federal courts "must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court. *Id.*

Under 2254(d)(1), the phase 'clearly established Federal law' "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); see also *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (noting that the statutory phrase "clearly established Federal law" refers to "the governing legal principle or principles set forth by the Supreme Court *at the time the state court renders its decision* " (emphasis added)). To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent which he thinks the state courts acted contrary to or applied unreasonably. *Id.* at 83 (citing *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir. 2006));

*Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir. 2000). "When federal circuits disagree as to a point of law, the law cannot be considered 'clearly established' under 28 U.S.C. § 2254(d)(1). *Id.* at 783 (citing *Tunstall v. Hopkins*, 306 F.3d 601, 611 (8th Cir. 2002)); *see also Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (holding that in the absence of controlling Supreme Court precedent, a federal court cannot reverse a state court decision even though it believes the state court's decision is "possibly incorrect").

Under the "contrary to" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 412-13. It is not necessary for a state court decision to cite, or even be aware of, applicable federal law, "so long as neither the reasoning nor the result of the state-court decision contradicts" federal law. *Early v. Packer*, 537 U.S. 3, 8 (2002).

Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 412-13; *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001). The writ will not issue merely because the federal court concludes that the relevant state court decision erroneously or incorrectly applied clearly established federal law. See *Id.* at 411. Rather, the application of the clearly established federal law by the state-court must be unreasonable. *Id.*; see also *Penry*, 532 U.S. at 792-93 ("[E]ven if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." (citing *Williams*, 529 U.S. at 410-11)).

4

The Supreme Court has recognized that in determining whether a state court reasonably applied clearly established federal law, habeas courts must consider the specificity of the rule at issue.  The court explained in *Yarborough v. Alvarado*:

> At the same time, the range of reasonable judgment can depend in part on the nature of the relevant rule. If a legal rule is specific, the range may be narrow. Applications of the rule may be plainly correct or incorrect. Other rules are more general, and their meaning must emerge in application over the course of time. Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations. Cf. *Wright v. West*, 505 U.S. 277, 308-309, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (KENNEDY, J., concurring in judgment).

*Yarborough v. Alvarado*, 541 U.S. 652, 644 (2004)**.**  The Eighth Circuit has held that "[t]o the extent that 'inferior' federal courts have decided factually similar cases, reference to those decisions is appropriate in assessing the reasonableness of the state court's resolution of the disputed issue."  *Atley v. Ault*, 191 F.3d 865, 871(8th Cir. 1999).

Additionally, § 2254(d)(2) provides a habeas remedy where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. § 2254(d)(2).  For purposes of a habeas proceeding, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in state court proceedings "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record."  *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003); s*ee also Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004); 28 U.S.C. § 2254(e)(1) (state court factual determinations shall be presumed to be correct).

### III.
### STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

To obtain relief based on ineffective assistance of trial counsel, a petitioner must establish (1) that trial counsel's performance fell below an objective standard of reasonableness and (2) that this deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The "performance" component of *Strickland* requires a showing that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy this prong, a petitioner must first identify the specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.* The court must then make a determination of whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* In making this determination, the court should recognize that trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. A reasonable trial strategy is not ineffective assistance of counsel, *see Worthington v. Roper*, 631 F.3d 487, 503 (8th Cir. 2011), even if the strategy proves to be unsuccessful, *James v. Iowa*, 100 F.3d 586, 590 (8th Cir. 1996).

To satisfy the "prejudice" component of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In determining whether sufficient prejudice exists, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. *Id.* at 695. Further, the court "should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge and jury acted according to law." *Id.* at 694.

Finally, a court reviewing an ineffective assistance of counsel claim is not required to address both the prejudice and performance components of the *Strickland* inquiry if a petitioner makes an insufficient showing on one component. *Id.* at 697. "A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the respondent as a result of the alleged deficiencies." *Id.* "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

## IV.
## DISCUSSION

**Ground 1 - The trial court erred in submitting instruction 6, the verdict director for second degree domestic assault, because it failed to define the term "recklessly":**

In Ground 1, Johnson claims the trial court violated his constitutional rights when it failed to define the term "recklessly" in the verdict director for second degree domestic assault, as required by Missouri law. Johnson contends the trial court's failure to define "recklessly" allowed the jury to find him guilty of mere negligence or carelessness, which does not reach the level of disregard and unjustifiable risk that reckless conduct requires. Further, Johnson suggests that the Missouri Court of Appeals committed constitutional error when it allegedly failed to follow its own precedent in deciding this issue on appeal. The facts relevant to Johnson's Grounds 1 and 3[2] are as follows:

As to Count I, the trial court instructed the jury on the elements of domestic assault in the first degree and the lesser included offense of domestic assault in the second degree. As to the lesser included charge of domestic assault in the second degree, the trial court gave the following instruction, in pertinent part:

---

[2]In the interest of clarity, the court will address Johnson's Ground 3 second because it is based on the same facts as Johnson's Ground 1.

> As to Count I, if you do not find the respondent guilty of domestic assault in the first degree as submitted in instruction number five, you must consider whether he is guilty of domestic assault in the second degree.
>
> As to Count I, if you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on or about December 1, 2003, in the City of St. Louis, State of Missouri, the respondent recklessly caused physical injury to Glorastine Wilder by means of a deadly weapon by shooting her . . .

The trial court did not define the term "recklessly" as required by the Missouri Approved Instructions.  *See* MAI-CR3d 319.74 (n. 7(a)).  Johnson's trial counsel did not object to the instruction.  The jury convicted Johnson of domestic assault in the second degree.

In his direct appeal to the Missouri Court of Appeals, Johnson raised the issue of the improper jury instruction for the first time.  Res. Ex. D.  Under Missouri law, because Johnson did not object to the improper instruction at trial, his claim was subjected to a plain error standard of review on appeal.  Res. Ex. D at 2.   The Missouri Court of Appeals affirmed Johnson's conviction, stating in pertinent part:

> We also recognize that Missouri law holds that where an instruction uses a word in its ordinary, common-sense meaning, no confusion occurs, as a matter of law, simply because the word is not defined. Ludwig, 18 S.W.3d 139, 142. Because we believe the term recklessly was used in its ordinary, common sense meaning in this case, the jury was not confused regarding the meaning of this word in the verdict director.  Therefore, based upon the foregoing authority we simply cannot say the trial court's failure to define the term "recklessly" in the domestic assault verdict director amounts to plain error.

Johnson also filed a motion for post-conviction relief in which he claimed, *inter alia,* he received ineffective assistance of counsel because of his trial counsel's failure to object to the deficient verdict director.  Res. Ex. G at 14.  The motion court, relying on the reasons set forth in

8

the Missouri Court of Appeals ruling in Johnson's direct appeal, denied the motion.  *Id*. at 56-57.

The motion court also found that there was not a reasonable probability that the result of the trial

would have been different had the trial court defined "recklessly" in the verdict director.  *Id*. at

57.  The Missouri Court of Appeals affirmed the motion court's denial of post-conviction relief.

Res. Ex. H.

When considering a habeas corpus petition, this Court examines the record to determine

whether the relevant decision of the state court was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court.  28 U.S.C. §

2254(d)(1);  *Owsley*, 234 F.3d at 1057.  Therefore, to obtain habeas relief, Johnson must be able

to point to a Supreme Court precedent that he thinks the Missouri state courts acted contrary to

or unreasonably applied.  *Evenstad*, 470 F.3d at 783.  Johnson fails to meet this burden in

Ground 1.

Although Johnson frames his jury instruction claim as a constitutional argument, his

contention that the trial court did not define "recklessly" in accordance with state requirements,

is "at bottom, a question of state law over which [this Court] ha[s] no jurisdiction."  *Carson v.

Dir. of Iowa Dept. of Corr. Servs*., 150 F.3d 973, 975 (8th Cir. 1998).  Johnson does not rely on

any Supreme Court cases that support his contention that a trial court's failure to define

"recklessly" in a verdict director is unconstitutional and warrants habeas relief.  Although

Johnson refers to various Supreme Court decisions for general constitutional principles, these

decisions, at most, deal only remotely with the specific issues of Johnson's case and were

decided in contexts that in no way resemble Johnson's situation.  *See Owsley*, 234 F.3d at 1057.

It is uncontested that the trial court erred when it did not provide the jury with a

definition of the term "recklessly."  However, this was an error of Missouri state law, not an

error involving clearly established federal law, as determined by the Supreme Court.  "Because there is no Supreme Court holding that controls the issue of [Johnson's] petition, we cannot disturb the rulings of the [Missouri] state courts."  *Id.*

Similarly, to the extent that Johnson alleges a constitutional violation in the Missouri Court of Appeals alleged failure to follow its own precedent, "we lack authority to review the [Missouri] state courts' interpretation and application of state law, for federal habeas corpus relief does not lie for errors of state law . . . and it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Evenstad*, 470 F.3d at 782 (internal quotation omitted).

Accordingly, the court finds that Johnson's Ground 1 is not cognizable because it does not implicate clearly established federal law, as determined by the Supreme Court.

**Ground 3 - Trial counsel was ineffective for failing to object to the verdict director for domestic assault in the second degree:**

Johnson contends that his trial counsel was ineffective for failing to object the verdict director for domestic assault in the second degree.  As discussed above, the verdict director lacked the requisite definition of the term "recklessly."  Johnson claims a reasonably competent attorney under the same or similar circumstances would have objected to the verdict director, and that there is a reasonable probability the he would have been acquitted of domestic assault in the second degree if his counsel had objected.  Johnson unsuccessfully presented this claim to the state courts in his motion for post-conviction relief and his appeal thereof.   Johnson argues the state court decision on this issue is contrary to or an unreasonable application of clearly established federal law and is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  The Court disagrees.  The Court has set forth above the federal law applicable to claims of ineffective assistance of counsel.

As noted above, to satisfy the "contrary to" prong of § 2254(d)(1), a petitioner must show that the state court applied a rule that "contradicts the governing law as set forth in Supreme Court cases or the state court must confront a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrive at a result different from the Supreme Court's precedent." *Williams*, 529 U.S. at 405-06.  In the present case, the state motion court denied this claim, relying primarily on the Missouri Court of Appeals ruling on the trial court's failure to define "recklessly," which was presented in Johnson's direct appeal.  However, the motion court also examined the prejudice Johnson suffered as a result of his counsel's failure to object to the prosecutor's statement.  Ex. G at 6.

The motion court determined that Johnson was not prejudiced because a successful objection would have been futile.  The motion court stated, "this [c]ourt does not believe there is a reasonable probability that the result of the trial would have been different if th[e] definition [of recklessly] had been included."  *Id*.  This is the proper standard of review for an ineffective assistance of counsel claim.  *See Strickland*, 466 U.S. at 697 (An ineffectiveness claim may be disposed of solely on the ground of lack of sufficient prejudice).  To satisfy the "prejudice" component of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  The motion court applied this analysis to the issue Johnson now raises in Ground 3.  Therefore, the state court did not apply a rule that "contradicts the governing law as set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405.  Furthermore, Petitioner fails to cite to any factually indistinguishable Supreme Court case that reached a result different from that reached by the state court on this issue.  *Id*. at 406.  As such, the state court decision on the issue raised in Ground 3 is not "contrary to" clearly established federal law.

Under the "unreasonable application" prong of § 2254(d)(1), "a federal habeas court may

11

grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. It is not enough for a petitioner to show that the state court incorrectly applied the correct governing principle; relief is appropriate only if that application is also objectively unreasonable. *Penry*, 532 U.S. at 793 (citing *Williams*, 529 U.S. at 410-11).

Having identified the correct governing legal principle, the state motion court determined that Johnson was not prejudiced by his counsel's failure to object because there was not a reasonable probability that the result of the trial would have been different if the trial court had defined "recklessly." Res. Ex. G at 6. The Missouri Court of Appeals affirmed this decision, also finding that Johnson was not prejudiced. Res. Ex. H at 3. In considering the totality of the evidence before the state court, *Strickland,* 466 U.S. at 695, this Court cannot say that the state court unreasonably applied the *Strickland* principles to the facts of Johnson's case.

As stated above, to satisfy the "prejudice" component of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Applying this prong of the *Strickland* test requires the court to evaluate and weigh  the evidence presented to the court in order to determine whether there is a reasonable probability that the outcome would have been different absent counsel's error. Here, the facts presented to the state court that support the jury's verdict are significant. The victim, Johnson's girlfriend at the time, testified that Johnson pointed a gun at her and shot her as she packed his belongings after telling him to leave her residence. Res. Ex. I at 195. Further, three witnesses testified that, shortly after being shot, the victim identified Johnson as the person who shot her. Res. Ex. I at 177, 182, 260. The state court had this evidence before it and weighed it against the probability that the jury verdict would have been different had Johnson's counsel objected to the verdict director. Again, relief

under the "unreasonable application" prong of § 2254(d)(1) is appropriate only if the application of facts to clearly established federal law is objectively unreasonable.  *Penry*, 532 U.S. at 793 (citing *Williams*, 529 U.S. at 410-11).  Given the significant evidence that supports the jury's verdict, this Court is satisfied that the state court reasonably applied the facts of Johnson's case to the *Strickland* principles in determining that he was not prejudiced by his counsel's failure to object to the verdict director.

Johnson also claims the state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court preceding.  The state court decision involves an unreasonable determination of the facts in light of the evidence presented in state court proceedings "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record."  *Lomholt*, 327 F.3d at 752.  Here, Johnson fails to identify the facts he claims the state court unreasonably determined.  Nevertheless, the Court finds adequate support in the record for the facts cited in the state court decision.

Accordingly, the court finds that Johnson's Ground 3 is without merit.

## Ground 2 - Trial counsel was ineffective for failing to object to the State's closing when the prosecutor argued about Johnson's future dangerousness:

Johnson contends that his counsel was ineffective when she failed to object to a portion of the state's closing argument in which the prosecutor argued that Johnson would commit a similar crime in the  future crime if he was released.  As with Ground 3, in order to obtain relief for ineffective assistance of counsel, Johnson must demonstrate that the state court's decision that he was not prejudiced by his counsel's failure to object to the prosecutor's statement is contrary to or resulted from an unreasonable application of the *Strickland* principles, which is the clearly established federal law that governs ineffective assistance of counsel claims.  The  facts

relevant to Johnson's Ground 2 are as follows:

> During the State's closing argument, the prosecutor made the following statement:
>
>> [W]e want to live in a city, ladies and gentlemen, where our fellow citizens, regardless of whether they made a poor judgment getting involved in a bad relationship that didn't turn out well, where they receive justice when they're assaulted. And we want to live in a city where an individual who's violent enough to shoot the woman that he's lived with, is held accountable and not released to do this yet again.

Res. Ex. I at 326.  Johnson's trial counsel did not object to the statement and the State made no further comment regarding Johnson's propensity to commit future crimes.  Following his conviction, Johnson filed a motion for post-conviction relief claiming, *inter alia*, that trial counsel was ineffective for failing to object to the above-quoted statement.  Res. Ex. G at 28.  At an evidentiary hearing on the post-conviction relief motion, the State acknowledged the impropriety of the statement and Johnson's trial counsel acknowledged that she should have objected to the statement.  Res. Ex. J at 16-17.  The state motion court denied Johnson's request for post-conviction relief, finding the prosecutor's statement was "brief" and that "the evidence against [Johnson] was significant and that there was no reasonable probability that the result of the trial would have been different if [the] statement had not been made in closing argument." Res. Ex. G at 60.

> Johnson appealed the denial of his post-conviction relief motion to the Missouri Court of Appeals, which affirmed the motion court's decision, stating:
>
>> Our review of the record confirms the motion court's finding that the State's mention of Movant's propensity for future crime was brief and isolated and that any evidence of prejudice was insufficient to undermine confidence in the outcome of [Johnson's] trial.

Res. Ex. H at 6-7.

> Similar to Ground 3, the state motion court examined the prejudice Johnson suffered as a

result of his counsel's failure to object to the prosecutor's statement.  Ex. G at 6.  The court determined that "there is no reasonable probability that the result of the trial would have been different if the statement had not been made in closing argument."  Ex. H at 6-7.  Again, this is the proper standard for review of an ineffective assistance of counsel claim.  *See Strickland*, 466 U.S. at 697 (An ineffectiveness claim may be disposed of solely on the ground of lack of sufficient prejudice).  Therefore, the state court did not apply a rule that "contradicts the governing law as set forth in [Supreme Court] cases."  *Williams*, 529 U.S. at 405.  Furthermore, Johnson fails to cite to any factually indistinguishable Supreme Court case that reached a result different from that reached by the state court in the instant case.  *Id.* at 406.  As such, the state court decision on Johnson's Ground 2 is not "contrary to" clearly established federal law.

This Court also cannot say the state court unreasonably applied the *Strickland* principles to the facts of Johnson's case.  Here, as in Ground 3, the state court determined that Johnson failed to establish sufficient prejudice to satisfy the *Strickland* principles.  Ex. G at 6.  In considering the totality of the evidence before the state court, *Strickland,* 466 U.S. at 695, this Court is satisfied that the state court reasonably applied the *Strickland* principles to the facts of Johnson's case.  As discussed in Ground 3, the facts presented to the state court that support the jury's verdict are significant.  The victim testified that Johnson shot her and three witnesses corroborated the victim's testimony.  Also, the prosecutor's admittedly improper statement was just a single sentence.  Res. Ex. I at 326.  The state court considered this evidence and weighed it against the probability that the jury verdict would have been different had Johnson's counsel objected to the prosecutor's statement.

Relief under the "unreasonable application" prong of § 2254(d)(1) is appropriate only if the application of facts to clearly established federal law is objectively unreasonable.  *Penry*, 532

U.S. at 793 (citing *Williams*, 529 U.S. at 410-11).  As stated above, the significant amount of evidence that supports the jury's verdict precludes this Court from determining that the state court unreasonably applied the *Strickland* principles to the facts of Johnson's case in determining that he was not prejudiced by the prosecutor's statement.

Accordingly, the court finds that Johnson's Ground 2 is without merit.

**Ground 4 - Trial counsel was ineffective for failing to object to the State injecting personal knowledge and evidence outside the testimony in the closing argument:**

In Ground 4, Johnson claims he received ineffective assistance of counsel when his trial counsel did not object to a portion of the State's closing argument in which Johnson alleges the State argued facts outside of the evidence relating to the trajectory of the bullet that struck the victim.  The facts relevant to Johnson's Ground 4 are as follows:

At trial, Dr. John Mazuski testified that the victim was shot in "the right upper chest." Res. Ex. I at 169.  Dr. Mazuski further testified that the bullet was found in the "lower part of the chest" and the victim suffered "a fracture of one of the ribs where the bullet had passed."  *Id.* at 169-70.  The victim gave the following testimony concerning her injuries:

> The bullet hit me here (indicating) and came down through my side.  It fractured four ribs, and it went through my lung and my lung collapsed.

*Id.* at 202.  During the State's closing argument the prosecutor made the following statement concerning the trajectory of the bullet that struck the victim:

> What else do we know? We know the trajectory of that bullet in her body. He wants you to believe he's a man a little taller than I am, considerably shorter than I am, that they were right up against each other tousling [sic] over a gun and it went off. If that happened, and assuming that gun could get, managed to get turned around and in her direction, that bullet would have gone on a course through her body

> straight. It might have gone up if somehow it got tilted back toward her. Or maybe if it went down, it would have hit her in a lower part of her body and proceeded on a path down.
>
> What do we know from the doctor and [the victim] where the bullet ends up? It entered in the right chest area, through the clavicle, proceeded down through the lung into the right rib cage and settled in her back. There is a path of a bullet shot from a gun that was a few feet away from her and above her. In other words, that bullet went in like this (indicating) and down through like this (indicating). That is not the way a bullet would move through your body if you're fighting like this over the bullet.

Ex. I at 325-26.  Johnson's trial counsel did not object to the statement.  In his closing argument, Johnson's counsel argued the that the state's theory about the trajectory of the bullet had no evidentiary support and made no sense.  Ex. I at 334-36.  In his motion for post-conviction relief, Johnson claimed, *inter alia*, that his trial counsel was ineffective for failing to object to the statement.  Ex. G. at 23.

At an evidentiary on the post-conviction relief motion, Johnson's trial counsel testified that he did not object to the statement because he felt the judge would overrule the objection and because he felt the prosecutor's argument about the trajectory of the bullet did not make sense. Res. Ex. J at 8.  The motion court denied relief, finding that Johnson's trial counsel "articulated a reasonable trial strategy for not objecting to the statement."  Res. Ex. G at 59.  The motion court further found that there was not a reasonable probability that the result of the trial would have been different if an objection had been made.  *Id*.  The Missouri Court of Appeals affirmed the motion court's decision, finding that "[t]he motion court's conclusion is supported by the record."  Res. Ex. H at 4.

As with Johnson's other grounds in which he claims  ineffective assistance of counsel, in order to obtain habeas relief, he must show that the state court action on this issue is contrary to or an unreasonable application of the *Strickland* principles.  Here, the state motion court

correctly identified the *Strickland* principles as the governing legal principles for this issue and found that Johnson failed to satisfy both prongs of *Strickland*.  In addition to finding a lack of sufficient prejudice, the state motion court examined the "performance" prong of *Strickland* and determined that Johnson's trial counsel's failure to object was a reasonable trial strategy.  Res. Ex. G at 59.  Therefore, the state court did not apply a rule that "contradicts the governing law as set forth in [Supreme Court] cases."  *Williams*, 529 U.S. at 405.  Also, Johnson again fails to cite to any factually indistinguishable Supreme Court case that reached a result different from that reached by the state court on this issue.  *Id.* at 406.  As such, the state court decision on Johnson's Ground 4 is not "contrary to" clearly established federal law.

Having considered the totality of the evidence before the state court, *Strickland,* 466 U.S. at 695,  this court is also convinced that the state court reasonably applied the facts of Johnson's case to the *Strickland* principles.  Johnson's trial counsel testified at the evidentiary hearing that he did not object to the prosecutor's argument because he felt the objection would be futile and because he felt the prosecutor's argument "made no sense."  Res. Ex. J at 8.  Further, during his closing argument, Johnson's trial counsel attacked the prosecution's bullet trajectory theory and highlighted to the jury that the state had no expert evidence to support its theory or to disprove the defense theory.

In *Perry v. Purkett*, a court in this district determined that it is a reasonable trial strategy for counsel to refuse to object to a statement where counsel uses that statement as the foundation for an argument that his client is innocent.  No. 4:04CV1712, 2007 WL 4553976, at *7 (E.D. Mo. Dec. 19, 2007).  There, the petitioner, Perry, had been convicted of robbery, and raised an ineffective assistance of counsel claim for his trial counsel's failure to object to testimony from a police officer.  *Id*.  The officer testified that one of the petitioner's co-defendants, Stith, admitted

his own part in the robbery.  *Id*.  The court found that counsel's failure to object was a reasonable trial strategy "inasmuch as counsel was using Stith's confession to lay the foundation for arguing Perry's innocence."  *Id*.  The Court stated that counsel's strategy was apparent "because[] during his own closing argument, [Perry's] counsel repeatedly emphasized to the jury that Stith had confessed to the robbery and was the sole person responsible for the crime, and that [Perry] was simply a passenger in Stith's car, in the wrong place at the wrong time."  *Id*.

Here, although the statement at issue came from the prosecutor, and not a witness, Johnson's trial counsel's strategy regarding the statement was in essence the same as the strategy of trial counsel in *Perry*.   Here, it is apparent that Johnson's counsel used the statement as a foundation to argue that the jury should acquit Johnson because the state's bullet trajectory theory was unsupported by expert evidence and because it did not make sense.  Johnson's counsel's argued that the state's theory that the path of the bullet indicated that the gun was fired from "a few feet away from [the victim] and above her[]" made no sense because evidence showed that four or five shots were fired and if Johnson was standing just a few feet away and above the victim, she would have been struck by more than one bullet.  Trial counsel believed the state's theory was therefore implausible and that evidence better supported Johnson's theory that the victim was shot in a struggle over the gun.  Johnson's trial counsel therefore used the prosecutor's comment to support his client's theory and argue for his acquital.  The Court agrees with the state court's conclusion that this was a reasonable trial strategy.

Furthermore, "[trial] counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Strickland*, 466 U.S. at 690.  "[T]he courts must resist the temptation to second-guess a lawyer's trial strategy; the lawyer makes choices based on the law as it appears at the time, the facts as

19

disclosed . . .  and his best judgment as to the attitudes and sympathies of the judge and jury."
*Blackmon v. White*, 825 F.2d 1263, 1265 (8th Cir. 1987).  "The fact that the choice made [by
counsel] later proves to have been unsound does not require a finding of ineffectiveness."  *Id*.
[I]t is not enough to complain after the fact . . .  when in fact the strategy at trial may have been
reasonable in the face of an unfavorable case."  *Id.*  (citing *Strickland*, 466 U.S.  at 690); see also
*Shaw.  v. United States*, 24 F.3d 1040, 1042 (8th Cir. 1994) (trial counsel's reasonable trial
strategies cannot constitute ineffective assistance, even if they are unsuccessful).

The state court found that Johnson did not satisfy the prejudice prong of *Strickland*.  For
the reasons discussed in Grounds 2 and 3, *supra*, this court agrees with the state court that
Johnson did not demonstrate that there is a reasonable probability that the result of the trial
would have been different absent the complained of action in Ground 4.

Accordingly, the court finds that Johnson's Ground 4 is without merit.

# VI.
# CONCLUSION

For the reasons set forth above, the Court finds that Johnson's Ground 1 is not
cognizable pursuant to federal habeas review and that Grounds 2, 3, and 4 are without merit.
Johnson's § 2254 Petition is therefore denied in its entirety.  The Court further finds the grounds
asserted by Johnson do not give rise to any issues of constitutional magnitude.  Because Johnson
has made no showing of a denial of a constitutional right, Johnson will not be granted a
certificate of appealability in this matter.  *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v Benson*, 122
F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that the § 2254 Petition filed by Barry Johnson for habeas
corpus pursuant is **DENIED**. [Doc. 1].

20

**IT IS FURTHER ORDERED** that a separate judgement will be entered this same date;

**IT IS FURTHER ORDERED** that, for the reasons stated herein, any motion by Barry

Johnson for a Certificate of Appealability will be **DENIED**.


Dated this 20th day of  September, 2011.



          /s/Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE